OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cleveland Bar Association et al. v. Stranathan.
[Cite as Cleveland Bar Assn. v. Stranathan (1994),
Ohio St.3d      ]
Attorneys at law -- Misconduct -- Indefinite suspension --
    Neglecting an entrusted legal matter -- Neglecting or
    refusing to assist in disciplinary investigation or
    hearing -- Not having filed a certificate of registration
    with the Supreme Court of Ohio or paid a registration fee.
    (No. 94-894 -- Submitted October 12, 1994 -- Decided
December 23, 1994.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, No. 92-51.

On October 19, 1992, relators, the Cleveland Bar Association, Cuyahoga County Bar Association, and Office of Disciplinary Counsel, filed a six-count complaint charging respondent, Curtis P. Stranathan of Cleveland, Ohio, Attorney Registration No. 0025625, with misconduct under the Code of Professional Responsibility and Supreme Court Rules for the Government of the Bar of Ohio.

Count I alleged in substance that in 1988 respondent entered into an oral fee agreement with Paul Hamlin Interiors regarding collection of certain delinquent business accounts, but failed to keep in contact with Hamlin, return its telephone calls, or return its files after it sent respondent a notice of discharge. Hamlin then filed a complaint with the Cleveland Bar Association, and respondent failed to respond to any of its written inquiries, and also failed to cooperate in the Cleveland Bar Association's subsequent investigation of the complaint.

Count II alleged that apparently in 1989 or 1990, James Bird and respondent entered into a verbal agreement for a collection matter, but respondent failed to disburse the proceeds to Bird, failed to respond to Bird's telephone messages, and failed to return Bird's documentation, and that

after Bird filed a complaint with the Cleveland Bar Association, respondent again failed to contact relator or cooperate in the investigation.

Count III alleged that apparently in 1990 or 1991, Michael Feuerwerker retained respondent to handle civil matters involving rental properties Feuerwerker owned; that respondent failed to respond to Feuerwerker's telephone and written inquiries about the matters and failed to return his paperwork after being requested to do so; and that after Feuerwerker filed a complaint with the Cleveland Bar Association, respondent again failed to contact relator or cooperate in the investigation.

Count IV alleged that in 1990 Ralph Buccini retained respondent to incorporate his car wash business, that he paid respondent a $500 fee and gave respondent two checks for governmental fees totaling $85, that the business was never incorporated, and that respondent stopped returning Buccini's telephone calls and the calls and letters of a new attorney Buccini had retained. After Buccini complained to the office of the Disciplinary Counsel, respondent failed to respond to its calls and letters, and a subpoena the Disciplinary Counsel attempted to serve on him could not be served.

Count V alleged that in 1987 Donna Rubes retained respondent to represent her in a divorce that involved a property settlement by which Rubes' husband was to deliver a quitclaim deed to her; that she paid respondent $310; that when Rubes attempted to contact respondent by letter and telephone after she discovered that the deed had not been conveyed, he failed to respond; and that after Rubes filed a complaint with the Cuyahoga County Bar Association, respondent again failed to contact relator or cooperate in the investigation.

Counts I through V each alleged a separate violation of DR 6-101(A)(3) (neglecting an entrusted legal matter) and Gov. Bar R. V(5)(a) [now Gov. Bar R.V(4)(G)] (neglecting or refusing to assist in a disciplinary investigation or hearing.)

Count VI alleged that respondent had violated Gov. Bar R. VI(6)(A) by not having filed a certificate of registration with this court or paid a registration fee as of April 15, 1992.

On January 3, 1994, respondent filed an answer admitting all the facts of the complaint. On March 11, 1994, the matter was heard before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio ("board"). At the hearing, the parties filed a joint stipulation in which respondent again admitted nearly all the facts stated in the complaint. Respondent (1) testified that he remembered only one Hamlin case, but admitted he was "sloppy" by not following up on the case with the client after he formed an opinion that the debt was uncollectible; (2) admitted to not keeping Bird informed about the status of his cases, but denied withholding any money from him; (3) stated that he failed to communicate with Feuerwerker only after a disagreement over how to proceed in a suit against one of Feurwerker's former tenants; (4) admitted accepting a $500 fee to incorporate Buccini's business, not performing the work, and not returning the fee; (5) stated he did not remember whether Mr. Rubes returned the quitclaim deed, but claimed to have provided protection for Mrs. Rubes by specific language in the

dissolution agreement, and (6) admitted, however, that he failed to follow up on the matter with Mrs. Rubes.

Respondent also stated that during the time period of the violations of his father contracted leukemia and died and he became estranged from his mother over his father's will; he stated that he was evicted from one office and his files were impounded, and that is why he had not returned documents to Hamlin, Bird, Feuerwerker and Rubes. Respondent admitted not registering with the Supreme Court since 1990, to being behind in continuing legal education requirements, and to not paying CLE fines.

The hearing panel found that respondent had violated DR 6-101(A)(3) and Gov. Bar R. V(4)(G) in each of the first five counts charged, and had violated Gov. Bar R. VI(6)(A) by failing to register for the period September 1, 1991 to August 31, 1993. The panel also found that respondent admitted to a second violation of Gov. Bar R. VI(6)(A) by failing to register for the period September 1, 1993 to August 31, 1995. It recommended that respondent be suspended from the practice of law for two years with the second year's suspension suspended on condition that respondent (1) undertake all means necessary to return Hamlin's, Bird's, and Feuerwerker's documents to them, (2) return Buccini's $500 fee, (3) pay all current and past attorney fee registrations fees, and (4) become current on his continuing legal education requirements.

The board adopted the findings of fact and conclusions of law by the panel, but recommended that respondent be indefinitely suspended from the practice of law "based on his repeated failures to fulfill his responsibilities as a lawyer and his total refusal to cooperate during the investigation." The board also recommended that costs be taxed to respondent.

Kraus & Kraus and Keith R. Kraus, for relator Cleveland Bar Association.

Geoffrey Stern, Disciplinary Counsel, and Dianna L. Chesley, Assistant Disciplinary Counsel, for relator Office of Disciplinary Counsel.

Kaufman & Cumberland and Frank R. DeSantis, for relator Cuyahoga County Bar Association.

Keller & Curtin Co., L.P.A., and Walter H. Krohngold, for respondent.

Per Curiam. We concur with the findings of fact, conclusions of law, and recommendation of the board. Respondent's disregard of clients and utter failure to assist and cooperate with the investigation from October 23, 1990 until Jan. 3, 1994 militates in favor of the more severe penalty recommended by the board. Respondent is hereby indefinitely suspended from the practice of law in this state. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.